UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULISSA COTA<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BEN BRIDGE-JEWELER, INC.<br><br>　　　　　　　　Defendant. | Case No.:  20cv1496-LAB (RBB)<br><br>**ORDER GRANTING JOINT MOTIONS FOR EXTENSION OF TIME TO ANSWER; AND**<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO STRIKE**<br><br>**[DOCKET NUMBERS 4, 5, 8.]** |

Plaintiff brought this putative class action, bringing claims under the Americans with Disabilities Act (ADA) and supplemental state law claims. Plaintiff asks the Court to compel Defendant to upgrade its website to be accessible to blind and visually impaired people. The joint motions for extension of time to answer (Docket nos. 4 and 5) are **GRANTED**, and the answer is accepted as filed.

On December 14, Plaintiff filed a motion to strike around twenty of the answer's defenses. The motion describes them all as affirmative defenses, although most of them are not. *See* Fed. R. Civ. P. 12(c)(1) (listing affirmative defenses). Of the defenses the motion seeks to strike, only laches, estoppel, and

waiver are clearly affirmative defenses, although one or two others pertaining specifically to ADA claims may also fit within the category.

Several of what Plaintiff labels affirmative defenses are jurisdictional or quasi-jurisdictional, and the Court cannot ignore them regardless of how adequately or inadequately they are raised — or whether they are raised at all. Specifically, mootness and standing are clearly jurisdictional. Several other defenses relate to the lack of one of the elements of standing (*i.e.*, a concrete injury fairly traceable to Defendant), even if they are also related to the merits. Others pertain to the availability of injunctive relief.

At the outset, the Court notes that motions to strike are generally disfavored, because their importance in federal practice is limited, and because they often lead to pointless delays and costs. *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal., 2012). *See also Romero v. Dept. Stores Nat'l Bank*, 2015 WL 13828656, slip op. at *1 n.1 (S.D. Cal., Apr. 8, 2015) (concluding that plaintiff's motion to strike was likely filed to impose costs).

The fact that this is a putative class action whose class consists of unknown people with unknown injuries also weighs against granting the motion. Plaintiff herself does not know and cannot allege the facts of putative class members' claims. Expecting Defendant to allege them, or forgo its defenses against those claims, would be unreasonable. *See Craten v. Foster Poultry Farms Inc.*, 2016 WL 3457899, at *3 (D. Ariz., June 24, 2016) (recognizing that requiring an answer to be pled with the same level of specificity as a complaint would unreasonably burden defendants).

The complaint itself is also sparsely pled at key points. While it is replete with detail on some subjects, it tends to retreat into ambiguity when alleging Plaintiff's own individual claims.

To illustrate, the complaint mentions seventeen barriers that may exist on websites in general and which can deny visually impaired people equal access.

(Compl., ¶ 22.) Of these, it alleges four were found on Defendant's website, though it provides little detail about them. (*Id.* ¶ 27.) It implies that others exist, without saying what they are. (*Id.*) Although it alleges that Plaintiff has visited the website numerous times in an attempt to do business with Defendant (*id.*, ¶¶ 26, 29, 40), no date or approximate date for any of Plaintiff's visits to the website is given. Alleging an approximate date is particularly important here, because — as Plaintiff herself recognizes — Defendant's website has changed over time. (*See id.*, ¶ 40 (alleging that Plaintiff visited "prior iterations of the Defendant's website").) The closest the complaint ever comes is in paragraph 28, where it makes the general allegation: "Recently in 2020, Plaintiff attempted to do business with Defendant on Defendant's website and Plaintiff encountered barriers to access on Defendant's website." If Plaintiff cannot allege when she last visited the site, what barriers she encountered, and how she was denied access on that occasion, Defendant can hardly be expected to supply that information.

The motion recognizes that the "fair notice" standard applies. (Mot. at 1:3–5 (citing *Kohler v. Islands Restaurants, LP*, 280 F.R.D. at 564).) Its argument, however, applies a higher standard. *See Cota v. Aveda Corp.*, 2020 WL 6083423, slip op. at *4 (S.D. Cal., Oct. 14, 2020) (pointing out that the "fair notice" standard did not require the type of factual allegations or level of detail that plaintiff suggested was required). *See also Kohler*, 280 F.R.D. at 564 ("Fair notice . . . does not . . . require a detailed statement of facts.")

The motion also argues that Plaintiff would be burdened by having to litigate these defenses. This is, however, a remote prospect.

The Court recognizes that motions to strike have a role to play, and that even in similar ADA cases courts sometimes grant them or grant them in part. *See DeSalvo v. Islands Restaurants, L.P.*, 2020 WL 4035071 (C.D. Cal., July 16, 2020). But here, Plaintiff's motion does not advance the litigation. *See Adtrader, Inc. v. Google LLC*, 2019 WL 8508038, slip op. at *1 (N.D. Cal., Sept. 4, 2019) ("Plaintiffs'

motion [to strike affirmative defenses] does not move the litigation forward, and this Court discourages such motions.") The Federal Rules of Civil Procedure are to be interpreted and applied to ensure the just, speedy, and inexpensive disposition of every case. Fed. R. Civ. P. 1. Under these circumstances, there is no reason to require Defendant to bear the burden of opposing the motion or amending its answer at this stage of the proceedings.

The motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  December 18, 2020

Honorable Larry Alan Burns
Chief United States District Judge